CARRIE M. GILLEY *vs.* FRANK E. GILLEY, and Trustee.

Kennebec. Opinion March 10, 1887.

</div>

<div align="center">*Support of children. Husband and wife. Divorce.*</div>

Hrrespective of any statutory provision relating thereto, a father is bound by law to support his minor children; but it is otherwise with the mother during the life of the father.

The mother may maintain against the father an action for the necessary support of their minor children, furnished by her after a divorce *a vinculo* decreed to her for "desertion and want of support," no decree for custody or alimony having been made.

ON exceptions from superior court.

Assumpsit on account annexed. The defendant did not appear, but Charles W. Hilton, a subsequent attaching creditor, appeared by leave of court and defended.

*Baker, Baker and Cornish*, for the plaintiff.

A father is bound to support his infant children. 2 Ken. Com. *191; 1 Chitty, Contr. 213; 1 Parsons, Contr. 307; 2 Bish. Mar. and Div. § 528; *Stanton* v. *Wilson's Exrs*. 3 Day, 37 (3 Am. Dec. 255); *Benson* v. *Remington*, 2 Mass. 115;

*Whipple* v. *Dow*, 2 Mass. 419; *Nightingale* v. *Withington*, 15 Mass. 274; *Dennis* v. *Clark*, 2 Cush. 352; *Reynolds* v. *Sweetser*, 15 Gray, 78; *Brow* v. *Brightman*, 136 Mass. 187; *State* v. *Smith*, 6 Maine, 462; *Garland* v. *Dover*, 19 Maine, 441.

Divorced wife may recover for support of children when their custody is not decreed to her. *Finch* v. *Finch*, 22 Conn. 411; *Hancock* v. *Merrick*, 10 Cush. 41; *Brow* v. *Brightman*, 136 Mass. 107; *Husband* v. *Husband*, 67 Ind. 583 (33 Am. R. 107); *Burritt* v. *Burritt*, 29 Barb. 124; 2 Bish. Mar. and Div. § 557; Schoul. Dom. Rel. 322; see *Carlton* v. *Carlton*, 72 Maine, 115; *Webster* v. *Webster*, 58 Maine, 139; *Blake* v. *Blake*, 64 Maine, 177. Some courts hold the father liable for support of his minor children after their custody has been decreed to the mother. See *Holt* v. *Holt*, 42 Ark. 495; *Courtwright* v. *Courtwright*, 40 Mich. 633; *Plaster* v. *Plaster*, 47 Ill. 290.

*S. and L. Titcomb*, for subsequent attaching creditor.

In *Mortimore* v. *Wright*, cited in 8 Law Reporter, 222, the court say, "In point of law a father who gives no authority and enters into no contract is not liable for goods supplied to his son while under age any more than an uncle, a brother or a stranger would be."

The later view according to Tyler on Infancy, pp. 107-8-9-11 is that the liability of a father even for necessaries is a matter depending wholly upon contract.

The statutes provide a way in which a parent can be made liable and third parties by the later cases are restricted to that. Tyler on Infancy above; 60 N. H. 197; 1 Add. on Con. (Smith's ed.) 202.

"There appears to be no responsibility on the part of a father even for necessary goods supplied to his son unless there be some proof of a contract express or implied; and that there must be a prior authority or a subsequent recognition of the claim." Chitty on Con. (Perkins' ed.) 117.

To the same effect, *Raymond* v. *Loyl*, 10 Barb. R. 483.

This case contains no allegation which can bring it under R. S., c. 24, § 16, (case of paupers) and if it did by that section

the mother herself is liable. Nor can it come under R. S., c. 59, § 30, which authorizes towns only to recover.

The law raises no promise of payment where a child is supported by its mother. *Cummings* v. *Cummings*, 8 Watts, (Pa.) 366. And in *Duffey* v. *Duffey* 44 Pa. St. 399, it was held that the relationship excludes the implication of a promise, a grandparent cannot recover for the maintenance of grandchildren.

In *Pawling* v. *Willson*, 13 Johns. 192, the mother is under equal natural obligation with the father to support her children. There is no legal ground to authorize the recovery by the mother against the father for the maintenance of children, at most she could have right to sue for contribution only. Doctrine something like this in *Harris* v. *Harris*, 5 Kansas, 46. A later Conn. case, *Finch* v. *Finch*, 22 Conn. 411. The court refuse to sustain an action of book account brought by wife after divorce against the father for cost of maintaining children.

VIRGIN, J. Assumpsit by the mother against the father for their young children's necessary support furnished after a divorce *a vinculo* decreed to her for his "desertion and failure to support," he having been absent from the state several years prior to the decree and never having returned or furnished any support whatever during the time, and no decree for alimony or custody of the children having been made.

It is a matter of common knowledge that a father is entitled by law to the services and earnings of his minor children. It is equally well known that this right is founded upon the obligation which the law imposes upon him to nurture, support and educate them during infancy and early youth, and it continues until their maturity, when the law determines that they are capable of providing for themselves. *Benson* v. *Remington*, 2 Mass. 113; *Dawes* v. *Howard*, 4 Mass. 98; *Nightingale* v. *Withington*, 15 Mass. 274; *State* v. *Smith*, 6 Maine, 462, 464; *Dennis* v. *Clark*, 2 Cush. 352-3; *Reynolds* v. *Sweetser*, 15 Gray, 80; *Garland* v. *Dover*, 19 Maine, 441, *Van Valkinburgh* v. *Watson*, 13 Johns. 480; *Furman* v. *Van Sise*,

56 N. Y. 435, 439, 445, 446; 2 Kent's Com. *190 *et seq.* Schoul. Dom. Rel. 321.

In *Dennis* v. *Clark, supra,* the court said: "By the common law of Massachusetts, and without reference to any statute, a father if of sufficient ability is as much bound to support and provide for his infant children, in sickness and in health, as a husband is bound by the same law and by the common law of England to support and provide for his wife. And if a husband desert his wife or wrongfully expel her from his house and make no provision for her support, one who furnishes her with necessary supplies may compel the husband by an action at law to pay for such supplies. And our law is the same, we have no doubt, in the case of a father who deserts or wrongfully discards his infant children." This upon the ground of agency. *Reynolds* v. *Sweetser, supra; Hall* v. *Weir,* 1 Allen, 261; *Camerlin* v. *Palmer Co.* 10 Allen, 539. But a minor, who voluntarily abandons his father's house, without any fault of the latter, carries with him no credit on his father's account even for necessaries. *Weeks* v. *Merrow,* 40 Maine, 151; *Angel* v. *McLellan,* 16 Mass. 27. Otherwise a child impatient of parental control while in his minority, would be encouraged to resist the reasonable control of his father and afford the latter little means to secure his own legal rights beyond the exercise of physical restraint, *White* v. *Henry,* 24 Maine, 533.

Moreover in actions for seduction, whereof loss of service is the technical foundation, the loss need not be proved but will be presumed in favor of the father who has not parted with his right to reclaim his minor daughter's service, although she is temporarily employed elsewhere. *Emery* v. *Gowen,* 4 Maine, 33. "And this rule results from the legal obligation imposed upon him to provide for her support and education which gives him the right to the profits of her labor." *Blanchard* v. *Ilsley,* 120 Mass. 489; *Kennedy* v. *Shea,* 110 Mass. 147; *Emery* v. *Gowan, supra; Furman* v. *Van Sise,* 56 N. Y. 435, 444.

So also in that large class of cases wherein needed supplies, furnished by the town to minor children between whom and their father, though they lived apart, the parental and filial

relations still subsisted, are considered in law supplies indirectly furnished the father—the reason is because he was bound in law to support them. *Garland* v. *Dover*, 19 Maine, 441.

We are aware that courts of the highest respectability, especially those of New Hampshire and Vermont, hold that a parent is under no legal obligation, independent of statutory provision, to maintain his minor child, and that in the absence of any contract on the part of the father, he cannot be held except under the pauper laws of those states which are substantially like our own. *Kelley* v. *Davis*, 49 N. H. 187; *Gordon* v. *Potter*, 17 Vt. 348.

But as before seen the law was settled otherwise in this state before the separation and has been frequently recognized in both states since; and we deem it the more consistent and humane doctrine.

It is also settled that at least during the life of the father, the mother, in the absence of any statutory provision, or decree relating thereto, not being entitled to the services of their minor children, is not bound by law to support them. *Whipple* v. *Dow*, 2 Mass. 415; *Dawes* v. *Howard*, 4 Mass. 97; 2 Kent's Com. *192; *Weeks* v. *Merrow*, 40 Maine, 151: *Gray* v. *Durland*, 50 Barb. 100; *Furman* v. *Van Sise*, *supra*, both opinions. R. S., c. 59, § 24.

This leads to an inquiry into the effect of the divorce *a vinculo* alone, unaccompanied by any decree committing the custody of the children to the mother. For when such a decree is made then the father would have no right, either to take them into his custody and support them or employ any one else to do so, without the consent of the mother. *Hancock* v. *Merrick*, 10 Cush. 41; *Brow* v. *Brightman*, 136 Mass. 187; *Finch* v. *Finch*, 22 Conn. 410. Although it is held otherwise in some jurisdictions. *Holt* v. *Holt*, 42 Ark. 495, and other cases on plaintiff's brief.

But a decree of custody to the mother is predicated of its primarily belonging by right to the father, and the granting of it implies that such action on the part of the court is absolutely essential to imposing upon her the legal obligation of supporting

their minor children. So long as the father lives, the mother, in the absence of any decree of custody in her behalf, cannot of right claim, as against him, their services, provided he is a suitable person to have the care of them. He may on *hab. corp.* obtain custody as against their mother, on satisfying the court that he is a fit custodian. *Com.* v. *Briggs*, 16 Pick, 203.

It would seem to follow that the divorce alone while it dissolved the matrimonial relation between the parties thereto, did not affect in any wise the parental relation between them and their children. When the divorce was decreed in behalf of his wife the defendant thereupon ceased to be her husband, but he still remained the father of the children which had been born to him during his conjugal relation with the plaintiff, with all the father's duties and legal obligations full upon him.

The cases which hold that in case of a decree for custody, the father is not holden, impliedly hold that in the absence of any such decree, he is liable. *Brow* v. *Brightman, supra.*

When the bond of matrimony was dissolved, these parties became as good as strangers; and the plaintiff may then maintain an action against the defendant for any cause of action which at least subsequently accrued. *Carlton* v. *Carlton*, 72 Maine, 115; *Webster* v. *Webster*, 58 Maine, 139.

We are of opinion therefore that this action is maintainable on the implied promise of the defendant resulting from the circumstances and the law applicable thereto.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY, EMERY and HASKELL, JJ., concurred.