[No. 4411.]

STEVENS V. STEVENS.

**Appellate Practice—Jurisdiction of Supreme Court—Divorce and Alimony.**

An appeal will not lie to the supreme court from a judgment of the county court sustaining a demurrer to a petition for the modification of an allowance of alimony and the custody and control of a minor child as fixed by a decree of divorce theretofore rendered, but the appeal will be dismissed and the cause redocketed on error.

*Appeal from the County Court of Lake County.*

Mr. THOS. A. DICKSON, for appellant.

---

[No. 4647.]

STEVENS V. STEVENS.

**Divorce and Alimony—Modification of Decree.**

A court granting a divorce has authority to modify the decree relative to alimony payable in the future and the custody

and control of minor children as the changed circumstances of
the parties may render necessary and just.

*Error to the County Court of Lake County.*

Plaintiff in error filed a petition, the purpose of
which was to obtain an order modifying the judgment
for alimony payable periodically, and the custody
and control of a minor child as fixed by a decree of
divorce rendered in an action between the parties to
this proceeding by the court to which the petition of
plaintiff in error was addressed. The petition set
forth facts which, if established would entitle the
plaintiff in error to a modification of the decree with
respect to the matters mentioned. The defendant in
error filed a demurrer by which the jurisdiction of
the court to entertain the proceeding was challenged.
This demurrer was sustained. Plaintiff in error
elected to stand by his petition, which was dismissed.

Mr. THOS. A. DICKSON, for plaintiff in error.

Mr. JUSTICE GABBERT delivered the opinion of the
court.

By virtue of the general equity powers of a court
granting a divorce, as well as by virtue of the provi-
sion of sec. 9 of the Divorce Act, Session Laws, 1893,
p. 240, such court has the authority to modify the de-
cree relative to alimony payable in the future, and
the custody and control of minor children as the
changed circumstances of the parties may render nec-
essary and just.—*Richmond v. Richmond,* 2 N. J. E.
90; *Sheafe v. Sheafe,* 36 N. H. 155; *Coad v. Coad,* 41
Wis. 23; *Foote v. Foote,* 22 Ills. 425.

There are no decisions of this court or the court
of appeals to the contrary. The judgment of the
county court is reversed, and the cause remanded,

with directions to overrule the demurrer to the petition.                                    *Reversed.*

Mr. JUSTICE STEELE dissenting.

A decree of divorce was rendered by the county court of Lake county in March, 1895, in favor of the defendant in error and against the plaintiff in error, in which the plaintiff in error was ordered to pay to the defendant in error the sum of fifty dollars a month as permanent alimony. No time was fixed by the decree when the payments should cease. The plaintiff in error made the monthly payments required by the decree until the 30th day of March, 1901. He then filed a petition asking for a modification of the decree, alleging that he was no longer able to make the monthly payment. To this petition the defendant in error demurred, and the court sustained the demurrer, upon the ground that the court was without jurisdiction to modify the decree.

The question presented is whether a final decree of divorce in which alimony has been awarded can be reopened after the expiration of one year from the granting of the decree. The question is, in my judgment, determined by the statute; and, as I read section 10 of the act concerning divorce and alimony, the court has no authority to reopen a decree, for any cause, after the expiration of a year. Section 2 of the act provides, that "like process, practice and proceedings shall be had in such cases as are usually had in other civil cases, and in accordance with the requirements of the code of civil procedure; except as expressly modified or provided in this act." If it be said that section 10 of the act applies to only that portion of the decree granting a divorce, then it seems to me that section 75 of the code should apply to the other portions of the decree. By that section of the

code a judgment can be reopened upon good cause shown, in cases where personal service is had, only within six months after the adjournment of the term at which the judgment was rendered. In my opinion, the court has no control over its judgments after the adjournment of the term, except as provided by statute. The statutes of this state make ample provision for the maintenance and the custody of minor children, and if one who is awarded the care and custody of minor children abuses the trust, it is within the power of the court, upon proper application, to place such children in proper custody and to require their parents to support them; but our legislature has, it seems to me, provided in express terms that a decree of the court in a divorce suit shall not be reopened for any cause, after the expiration of one year from the granting of the divorce.

The authorities cited in the opinion are not in point. In New Jersey, New Hampshire, Wisconsin and Illinois the statutes provide that after final decree the court shall have power to change or modify it in accordance with the changed circumstances of the parties.

It appears from the petition for modification that the plaintiff in error has paid the sum of $3,600 to the defendant in error under this decree. In the complaint for divorce the plaintiff states, that "the amount sued for in this action and the amount sought as alimony does not exceed the sum of two thousand dollars." The statute grants to the county court jurisdiction in divorce cases, "when the plaintiff shall aver in the complaint that he does not ask or seek alimony in excess of the sum of two thousand dollars." The county court was not authorized to award the plaintiff alimony in excess of the sum of two thousand dollars; and when the defendant paid the sum of two thousand dollars, he satisfied the

judgment rendered against him. I am of opinion that the court below should have directed the clerk to satisfy the judgment.

On the subject of the jurisdiction of the county court as herein stated, the Chief Justice agrees with my conclusion.