[No. 7898.]

## DESCH v. DESCH.

1. PARENT AND CHILD—*Liability of Father for Support of Child—Divorce—Effect*—The law imposes upon the father the duty to support his minor child to the extent of the child's incapacity for self-support.

A decree of divorce which commits the child to the custody of the mother, and is silent as to the child's support, does not relieve the father of this duty.

The divorced wife may, in an original action, recover of the father a reasonable sum for necessaries furnished by her for the child's support, after such decree, the recovery being commensurate with his means and station in life.

The result is not affected by Rev. Stat. Sec. 3021.

2. STATUTES—*Construed*—A statute providing that "the expenses of the family, and the education of the children are chargeable upon the property of both husband and wife, or either of them", (Rev. Stat. Sec. 3021) has not the effect to relieve the father of the duty to support his minor child, so far as the child is incapable of self-support, even though, upon divorce, the child is committed to the mother, and the decree makes no provision for its support.

*Error to Logan District Court.*—HON. H. P. BURKE, Judge.

Mr. PERCY S. MORRIS and Mr. O. N. HILTON, for plaintiff in error.

Mr. JAMES R. PATTERSON, for defendant in error.

The parties to this proceeding were divorced at the suit of plaintiff in error, based upon the ground of cruelty of the defendant in error. The decree awarded the sole care, custody and control of their daughter (a minor) to the plaintiff. The decree made no provision for the support of the daughter. From and after the decree she remained continuously in the custody of the mother, who paid all the expenses of her support, aided, in a measure, by contributions of the father from time to time. Plaintiff brought an action to recover from defendant the amounts reasonably and necessarily paid out by her for the child's support subsequent to the date of the decree, above the contributions of the defendant; and also to obtain an order requiring the defendant to make regular payments for the support of the girl during her minority. The court rendered judgment, fixing the amount the defendant should thereafter pay at stated intervals for the child's support, but refused to receive any testimony offered on the part of the plaintiff to establish the amount she had paid for the reasonable support and education of the child above the sums contributed by the defendant, the ruling of the court being that plaintiff could not recover for any sums paid for the maintenance of the child prior to the commencement of her action. Error is assigned on this ruling.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The law imposes upon the father the obligation to support his minor children to the extent that they are

not capable of earning their own livelihood. A decree of divorce at the suit of the wife, for his misconduct, which gives the custody of the children to her, but is silent as to their support, does not relieve him of this obligation. If, in such circumstances, he refuses or neglects to support them, the mother may recover from him, in an original action, a reasonable sum for necessaries furnished by her for their support, after such decree, commensurate with his means and station in life. The law implies a promise on his part to pay her for necessaries to this extent.— *Graham v. Graham,* 38 Colo., 543, 88 Pac. 852, 8 L. R. A. (N. S.) 1270, 12 Ann. Cas. 137; *Pretzinger v. Pretzinger,* 45 O. St., 452, 15 N. E. 471, 4 Am. St. 542; *Spencer v. Spencer,* 97 Minn., 56, 105 N. W. 483, 2 L. R. A. (N. S.) 851, 114 Am. St. 695, 7 Ann. Cas. 901; *Brown v. Brown,* 132 Ga., 712, 64 S. E. 1092, 131 Am. St. 229; *Lukowski v. Lukowski,* 108 Mo. App., 204, 83 S. W. 274; *Zilley v. Dunwiddie,* 98 Wis., 428, 74 N. W. 126, 40 L. R. A. 579, 67 Am. St. 820; *Gilley v. Gilley,* 79 Me. 292, 9 Atl. 623, 1 Am. St. 307; *Holt v. Holt,* 42 Ark., 495; *Plaster v. Plaster,* 47 Ill., 290; *Evans v. Evans,* 125 Tenn., 112, 140 S. W., 745.

In the case at bar the decree of divorce was granted on account of the husband's misconduct, and only directs that the mother shall have the custody of the child without any provision for its support. This did not impose upon the mother, as between the father and herself, the obligation to support the child, nor did it release the defendant from that obligation, but leaves that duty which the law imposes upon him subsisting and unimpaired. We are, therefore, of the opinion that the court erred in ruling that plaintiff could not recover for expenses incurred in supporting the child prior to the commencement of her action over and above the amount contributed by the defendant during that period. There are cases in which the opposite conclusion has been announced, but, unquestion-

ably, our conclusion is supported by the majority of the recent decisions upon the subject.

An instructive review of cases *pro and con* on the question will be found in *Spencer v. Spencer, supra,* reported in 2 L. R. A. (N. S.), 851, and also in 7 Am. & Eng. Ann. Cases, 901. Both annotators find that the weight of modern authority is in accordance with our views. See, also, *Alvey v. Hartwig,* 106 Md. 254, 67 Atl. 132, 11 L. R. A. (N. S.) 678, 14 Am. & Eng. Ann. Cases, 250.

Counsel for defendant contends that section 3021 R. S. 1908, which provides that ''the expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately'' supports the ruling under consideration. That section fixes the liability of husband and wife for family expenses to third parties, and is not applicable to any question involved in the case at bar.

*Graham v. Graham, supra,* is also relied upon by defendant to support the ruling of the trial court. In that case the trial court only allowed the plaintiff to recover from the commencement of the suit. The defendant brought the case to this court on error. The plaintiff did not assign cross-errors, so that the question of limiting the recovery from the time the action was commenced— that is, denying the right of plaintiff to recover for expenses incurred prior to the commencement of the action, was not involved.

The judgment of the District Court in ruling that plaintiff could not recover the expenses incurred by her for the support of the daughter prior to the commencement of her action is reversed, and the cause remanded with instructions to try that issue, and render such judgment thereon as the testimony warrants. The judgment, in so far as it is in favor of the plaintiff, is not disturbed.

*Judgment Reversed in Part and Cause Remanded with Directions.*

CHIEF JUSTICE MUSSER and MR. JUSTICE HILL concur.