No. 14,050.

GOURLEY *v.* GOURLEY.

(73 P. [2d] 1375)

Decided November 15, 1937. Rehearing denied December 6, 1937.

Mr. EDWARD T. FISKE, Mr. GLENN L. DALY, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A DIVORCE suit by the wife. In addition to a divorce, she sought the custody of a minor child, court costs, counsel fees, permanent alimony and maintenance for herself and child, title to certain real estate described in the complaint, and judgment for $4,000 on account of money expended by her to support the minor child for the period of eight years next preceding the filing of her complaint, during which time the husband had deserted his family. The husband did not appear in answer to the complaint, and was represented at trial by appointed counsel. He does not appear here.

The court found that the husband was guilty of extreme and repeated acts of cruelty towards his wife; that, effective in due course, she was entitled to a divorce, and immediately awarded her custody of the minor, attorney's fees and court costs; but as to other relief sought, the wife's counsel acquiescing, the court post-poned determination to the time when the divorce would become final. At the expiration of six months—the statutory period—the court granted the wife a divorce, restored her former name, awarded her a monthly sum for the future support of the minor, and title to the real property which she sought; but denied alimony otherwise, and refused to give judgment for money claimed by the wife to have been expended by her in supporting the minor prior to the institution of the suit, the judge saying: "I do not believe it is proper for one parent to recover judgment from another parent for what they spend for the family or support of children while they are married and before the suit was commenced." Other than as to the refusal to give the wife a money judgment in the circumstances set forth, she concedes "that the findings and decrees of the trial court were proper."

We are of the view expressed by the trial judge. The statute ('35 C. S. A. chapter 56, §8 [C. L. §5599]),

contemplates that when in a divorce case, as here, custody of a minor child is awarded to the wife, an order for its support may be made on the husband. In proceeding to such order the court looks only to the future. What the child may have theretofore enjoyed in the way of support, and from which parent, or whomsoever, is not, in the divorce suit, as we perceive, a subject of inquiry. In such suit, particularly in respect of the care, custody and maintenance of a minor child, the court is bound to appraise conditions as of the time of presentation. What either parent up to that time may have contributed to the child's nurture is not an issue challenging the court's attention. The child's future welfare, who shall enjoy its society and bear the expense of its maintenance thereafter, cover the range of the court's concern. The situation here is distinguishable from that presented by an action at law instituted by the wife to recover from her divorced husband the sum which she had reasonably expended subsequent to the divorce decree, in caring for a minor child whose custody had been awarded to her in a divorce suit, and where the decree made no provision for its support, as in *Desch v. Desch,* 55 Colo. 79, 132 Pac. 60, cited by the wife's counsel. It is distinguishable, too, we think, from *De Brauwere v. De Brauwere,* 203 N. Y. 460, 96 N. E. 722, 38 L. R. A. (NS) 508, which was a direct action for money claimed to have been expended by the wife for the support of minor children during her husband's desertion. There, examining on demurrer, the court held that the complaint stated a cause of action. In that case it also appeared that prior to the wife's action, in a criminal prosecution the husband had been ordered to pay the wife a weekly allowance, which he refused to do. In a divorce case, however, the same court held that recovery by the wife for the support of a minor child, should not be of a time "prior to filing the petition." *Washburn v. Catlin,* 97 N. Y. 623. "In no event can she obtain anything for the maintenance of the children prior to the

decree of divorce." *Holt v. Holt,* 42 Ark. 495, 500. The cases cited by us in *Desch v. Desch, supra,* itself within that category, apparently treat of situations arising after the institution of divorce proceedings or subsequent to decree therein.

The showing that the husband has any means or property whatsoever is not convincing, and, although the trial judge made no formal finding as to the fact, he may well have regarded the claim of the wife otherwise as speculative or conjectural. Our study of the record warrants that conclusion. The only property definitely alleged and shown to have belonged to the husband when the suit was filed (a small home in Denver where the wife and child lived), was decreed to her. If the wife believes the husband owns anything of consequence, we are at loss to understand why she acquiesces in denial of other alimony for herself, and a small allowance for the support of the child. It is consistent with the thought that the husband has no present means with which to respond to more favorable orders, and no immediate prospects otherwise. If he has interests in oil lands (appraisement of value not ventured), as appears from the affidavit of one of her attorneys, or may get an interest in a farm from his father, as the wife intimates, still we think there is no justification for a personal judgment against him in this proceeding. If the husband's situation improves, or presently may be shown to justify an increase of alimony, as such, for herself, or more generous allowance for the future support of the minor, or both, the power of the court to make additional orders may be invoked at the wife's pleasure. See *Stevens v. Stevens,* 31 Colo. 188, 72 Pac. 1060; *Prewitt v. Prewitt,* 52 Colo. 522, 122 Pac. 766.

The conclusion we have reached on the principal point, obviates the necessity of determining the sufficiency of the service of process on error. Let the judgment be affirmed.

MR. JUSTICE YOUNG and MR. JUSTICE HOLLAND dissent.

434

MR. JUSTICE HOLLAND, dissenting.

The opinion of the majority in this case in effect is so narrow and rigid in its scope, that it is an affront to the great weight of authority, aside from justice and equity, and overrules the case of *Desch v. Desch,* 55 Colo. 79, 132 Pac. 60, without an express declaration to that effect; compelling my dissent thereto.

The real questions involved and decided are: Can the wife recover for expenses incurred in the support of the minor child during the period of separation and prior to the commencement of a suit for divorce? and, Can that question be properly considered in the divorce action? The majority opinion negates both propositions. It is premised upon an approval of the following language of the trial court: "I do not believe it is proper for one parent to recover judgment from another parent for what they spend for the family or support of children while they were married and before the suit was commenced." The trial court did not question the sufficiency of the showing made by plaintiff to establish her claim. It is not questioned even by the guilty father. Guilty, because of such extreme and repeated acts of cruelty toward plaintiff that she was compelled to live apart from him, and had continued to do so for eight years, during which period she not only had the care of the minor child, but the entire burden of its support, paying its medical and hospital bills from her meagre earnings and being compelled to depend upon governmental relief when it was in high school. At the time of trial the child was thirteen years old, and a generous and helpful court, burdened the unresponding father with an empty order for $10 per month for its support until it reached the age of eighteen years. Thus it would seem, according to the tenor of the majority opinion, and the conclusion of the trial court, that the liability of the father attached at the time of the divorce decree and not at the birth of his own offspring. The opinion herein seems to consider what the plaintiff

mother did was a voluntary contribution, instead of just what it was, a forced charge in its entirety. Of course she was not free from her share of the responsibility, but justice, reason and humane principles, should not, and will not, permit a father thus to cast off his part of the parental obligation by a refusal to keep it. Neither does equity.

The condition of plaintiff, for which she sought a remedy, sprang from the marriage relation, was confined to it, and is inseparable therefrom. Third parties are not involved. There is no law or rule of society that would require plaintiff to obtain a divorce when she did, or ever, in order to fix a time when she could first establish the father's liability for the support of his offspring. Are we going to establish a rule that the father is liable for such support only after a divorce, and not before? It never will be so accepted, but read the majority opinion. Before the divorce there was a blending of the marital and parental duty, after divorce, the parental duty remained unchanged. When plaintiff invoked the jurisdiction of the court in her divorce action, she had the right to, and did, present all claims incident to the marital relation, and the court had the power equitably to adjust all such claims. It was the proper forum in the first instance, and should not be left to be determined in a subsequent independent action in which the claim might be said to be an afterthought. The matter of the claim for expenditures for the minor child is a proper subject matter for the consideration of the court in decreeing a division of property as our statutes provide in divorce proceedings. I pause to conjecture what the trial court was considering, when it decreed to the plaintiff the almost valueless little home. Says the majority opinion, ''The showing that the husband has any means or property whatsoever is not convincing, * * * and * * * the trial judge * * * may well have regarded the claim of the wife otherwise as speculative or conjectural.'' If it be a prerequisite in legal controversies that defend-

ants be shown to have means or property, then judgment rolls will occupy smaller places in the archives of the courts. Further, I see no need for concern on the part of this court, or any court, as to a wife's acquiescence in a small or no order for "other" alimony, as is expressed in the opinion. That is her pleasure alone, perhaps born of an air of independence, but in any event not a matter to pique our curiosity or invite our attention.

When the majority opinion herein, standing as it does, unmistakably holds that the plaintiff should not be allowed to recover for expenses incurred for the support of the child prior to the commencement of the divorce action, I again say it overrules *Desch v. Desch, supra,* and to fortify my statement, refer to the language of the opinion in that case as follows: "We are, therefore, of the opinion that the court erred in ruling that plaintiff could not recover for expenses incurred in supporting the child prior to the commencement of her action over and above the amount contributed by the defendant during that period. There are cases in which the opposite conclusion has been announced, but, unquestionably, our conclusion is supported by the majority of the recent decisions upon the subject."

No obiter about that, it is decisive on ruling the case. The claim here rests upon considerations that should have appealed strongly to the conscience of the court, but my brethren in the majority, seem to want to relegate plaintiff with, as they urge, so doubtful a claim, if rightful at all, to another forum, perchance strange to the factual relations that merged into what then might be urged as being a stale claim. There is legion of authority holding that she can recover and that divorce decrees may be opened to permit such recovery. If a divorce court would have jurisdiction to determine the matter through the opening of a decree, it cannot be doubted that it would have original jurisdiction to determine the same question. *Riggs v. Riggs,* 91 Kan. 593, 138 Pac.

628. I content myself by the following quotation from the case of *Rogers v. Rogers,* 93 Kan. 114, 143 Pac. 410:

"In one respect this case differs from the Riggs case. Here the action is to recover for the expense of furnishing support after the abandonment and before the divorce. There it was for such expenses incurred after the divorce. This difference, however, adds to, rather than detracts from, the justice of the plaintiff's claim. During the time referred to the father was not released from the duty of caring for his children, nor precluded from having a voice in determining what expenses should be incurred. The wife had not voluntarily assumed the sole responsibility for their support. That was forced upon her by his misconduct. In the Harris case, which the others, reviewed in the Riggs case, undertook to follow but enlarged, the suit was in the form of debt, and it was said that relief could be obtained by opening the decree or by proceedings based thereon in which the court could take into consideration all the facts and circumstances surrounding the parties and do full justice as the case might require. Applying that rule it was held in the Riggs case that an independent action might be brought in a jurisdiction where the defendant could be summoned in which the same considerations would apply and relief could be obtained. If this were a question of the support of the children after the divorce, the parties being in the jurisdiction of the court granting the divorce the question might arise whether a motion to open the decree would not be the more appropriate remedy. This, however, is a mere matter of the form of procedure. The parties are the same and they are in the same court, and in the absence of any showing or suggestion of any complications which could better be determined in the former action, no reason appears why relief should not be given in this action."

MR. JUSTICE YOUNG concurs herein.