## No. 18,021.

### BILLY H. WATSON *v.* WANDA WATSON.
(310 P. [2d] 554)

Decided April 29, 1957.   Rehearing denied May 20, 1957.

Mr. GEORGE J. FRANCIS, for plaintiff in error.

Messrs. WORMWOOD, O'DELL & WOLVINGTON, for defendant in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

WE will refer to the parties as they appeared in the trial court where plaintiff in error was plaintiff and defendant in error was defendant.

On April 15, 1954, plaintiff instituted this action in the county court of Lincoln county, Colorado, against defendant, seeking a divorce on the grounds of cruelty. The defendant accepted service of summons and complaint on May 22, 1954, and on June 18, 1954, filed her answer and counterclaim seeking a divorce on the grounds of cruelty, together with alimony, division of property and other relief in an amount in excess of $2,000.00, whereupon the case was transferred to the district court.

Prior to the commencement of the action and on. March 27, 1954, the parties had entered into a separation agreement which provided among other things, that the defendant should have the care and custody of the two minor children of the parties, Michael, age 7 years, and Vail Ann, age 5½ years, the plaintiff to have reasonable visitation rights; in addition the agreement provided for the division of property and the payment to defendant of $100.00 per month for the support of herself and the children, said sum to be in lieu of and as support money, alimony or maintenance funds of any nature whatsoever.

From the record it appears that sometime after the filing of this cause and prior to June 18, 1954, the plaintiff, unmindful of his agreement that the defendant should have the custody of the children, surreptitiously and by stealth and trickery, entered the home of defend-

ant's mother, took possession of the children and removed them to the State of Oklahoma, where through habeas corpus proceedings in that state the defendant was able to regain possession of the children. Since such proceedings the custody of the children has been controlled by orders of the trial court.

On November 10, 1954, after plaintiff had met with very limited success in several preliminary court matters, he filed a motion to dismiss the action for the reason that the court had no jurisdiction of the subject matter in that neither party was a resident of Colorado. Hearing was had on this motion on May 2, 1955, and again on June 24, 1955. The record contains nearly 300 folios of testimony and 10 exhibits offered for the purpose of establishing residence or lack thereof. The trial court found that the plaintiff was a resident of Colorado at the time the suit was filed and denied the motion to dismiss.

The question as to which party, if either, was entitled to a divorce was tried to a jury on September 13, 1955, the jury finding defendant not guilty of cruelty and the plaintiff guilty of cruelty. Proper interlocutory decree of divorce was entered. The questions of alimony, child support, attorney fees, court costs, division of property and custody of the children were all held in abeyance pending further hearing. Plaintiff does not seek review of the divorce decree, and the record before us contains none of the testimony with reference to the divorce matter.

Further hearing on the matters held in abeyance was had on March 14, 1956. At this hearing an additional 300 folios of testimony and 5 additional exhibits were admitted in evidence. In addition the trial judge, with the sanction of both parties, interviewed the children in private.

On March 27, 1956, Findings & Decree was entered, making the following awards:

(a) For the support of the children $150.00 per month.

(b) Permanent alimony $100.00 per month.

(c) Further allowance of alimony, $2,000.00 payable in one year.

(d) Additional attorney fee and travel expense, $172.00; all other claims for additional allowance for expense and for temporary alimony and support pendente lite denied.

(e) House and contents (Lawton, Oklahoma) awarded to plaintiff.

(f) Sewing machine, silverware, dishes, utensils and furniture in defendant's possession awarded to defendant.

(g) Custody of the children awarded to the defendant except for two months in the summer of each year, June 15th to August 15th, and the last week of each Christmas vacation during which times plaintiff to have complete custody; neither party to have visitation rights unless agreed to or on order of court under extraordinary circumstances.

Plaintiff assigns as error and contends that the findings and judgment that the plaintiff's residence was Lincoln county, Colorado, is not supported by the evidence and that the evidence clearly shows his residence to be in Oklahoma. Plaintiff also contends that the court's orders determining the questions of alimony, property rights and custody are arbitrary, and a gross abuse of discretion. Motion for new trial was not filed nor necessity therefor dispensed with and because of such omission we might well refuse to review this matter; however, in view of the fact that the case involves the welfare of two children of tender years, innocent victims of this internecine warfare, we elect to review the matter but wish it to be clearly understood that we do not condone plaintiff's failure to file a motion for a new trial. A motion for a new trial or order dispensing therewith is a condition precedent to the right of review, it

serves a useful purpose, our rules with reference thereto must not be ignored as is too often the case.

All parties agreed that the question of residence is jurisdictional. C.R.S. '53, 46-1-3, provides:

"No person shall be granted a divorce unless such a person has been a bona fide resident and citizen of this state during the one year next prior to the commencement of the action * * *."

The question whether a party to a divorce action is a bona fide resident of the state is ordinarily a question of fact to be determined by the trial court on presentation of pertinent evidence with reference to the matter. The trial court's findings in the matter will not be disturbed unless clearly erroneous. *Coppinger v. Coppinger,* 130 Colo. 175, 274 P. (2d) 328.

"The first question, relative to whether plaintiff was a bona fide resident of the State of Colorado for a period of one year prior to the commencement of her action, as required by the Colorado statute, is ordinarily a question of fact to be determined upon issue raised by appropriate defensive pleading. It is a matter of defense and not ordinarily an issue that may be determined in limine."

Jurisdiction cannot be conferred by consent, lack of residence cannot be waived. Actual bona fide residence is essential and must be established with the same degree of certainty as other questions of fact.

The problem of determining the residence of the plaintiff in this case is complicated by the fact that at the time of the filing of this action and for six years prior thereto the plaintiff was on active duty as a commissioned officer in the United States Army, holding the rank of major at the time the action was commenced.

The parties were married at Fort Collins, Colorado, June 14, 1946, at that time both parties were residents of Colorado, the residence of the plaintiff being Hugo, Colorado, the defendant's Estes Park, Colorado. Shortly after the wedding plaintiff obtained a teaching position at

Buffalo, Wyoming, and the parties went to Buffalo and there lived in several apartments until the summer of 1948. During this period of time several trips were made to visit Colorado relatives. In the summer of 1948 the plaintiff returned to Colorado and finished his graduate work at the Colorado Agricultural College leading to a master's degree and during that time received from the army active duty orders to report at Wayne, Pennsylvania. The parties went to Pennsylvania in September of 1948 and lived in rented premises in Ardmore and Wayne until June or July 1951, at which time plaintiff proceeded *under orders* to Fort Sill, Oklahoma. Living quarters at Fort Sill were scarce, if not unavailable, so the parties purchased a house at Lawton, Oklahoma, and lived in it until August 1952, when the plaintiff *under orders* went to Korea and there remained until October 1953. During plaintiff's absence in Korea defendant and the children went to Buffalo, Wyoming, where they lived in rented quarters. On his return from Korea plaintiff, during about one month's leave, joined his family at Buffalo, and in November 1953, *under orders,* went with his family to Fort Sill, Oklahoma, and moved into the house which the parties had purchased and there the parties lived until the separation about a month prior to the filing of this action on April 15th. The plaintiff testified he considered Buffalo his home and residence while there, Pennsylvania his home and residence while there, Oklahoma his home and residence while there and until ordered to Korea, and again his home and residence on his return from Korea.

In the 1948 and 1950 elections both parties voted in Lincoln county by absentee ballots and in so doing had to declare that county as their residences. In 1952 defendant again cast her absentee ballot in Lincoln county. The plaintiff was in Korea and did not vote. At all times from the date of the marriage until some time after the filing of the divorce action, the plaintiff had an active checking account in the bank at Hugo, Colorado.

Plaintiff's complaint contains the statement:

"That plaintiff is now and for a period of more than one year next prior to the commencement of this action he has been a bona fide resident and citizen of the state of Colorado and now resides at Hugo, said state."

This complaint was duly verified by affidavit of plaintiff. The fact that plaintiff in his time of trouble returned to his home town, to the place where he attended grade and high schools, the place where his people lived, where he voted, banked and had a life-long lawyer friend; this added to the fact that none of his moves in the six previous years had been voluntary, all of them having been made pursuant to army orders, serve to overcome plaintiff's claims of non. residence, first presented in November, some eight months after the plaintiff had, on his sworn statement as to residence at Hugo, Colorado, invoked the aid of the courts of Lincoln county.

The finding of the court that the residence of the plaintiff at the time of the filing of the action was Hugo, Colorado, is abundantly supported by the evidence and confirms plaintiff's sworn statement to that effect made spontaneously and prior to any weighing of the legal advantages or disadvantages of residence or non-residence.

Turning now to the March 27, 1956, findings and decree in which the questions of alimony, child support, division of property, attorney fees and custody were finally settled, we find that counsel were allowed the greatest latitude in presentation of testimony and arguments. The evidence is undisputed that the plaintiff, during the year preceding the date of the entry of findings and decree, had take-home pay of $612.90 per month and in addition thereto $71.50 per month temporary duty allowance, plus other valuable benefits accorded military personnel. The defendant at the time had take-home pay as a teacher of $250.00 per month. The court ordered the plaintiff to pay $150.00 monthly

as support for the children and $100.00 per month as permanent alimony. Under all of the circumstances as disclosed by this record we find that this award is not excessive and do not agree with plaintiff's contentions that the trial court's actions were arbitrary and an abuse of discretion.  -

The alimony award of $2,000.00 in addition to the monthly payments of $100.00 taken in connection with the fact that the Oklahoma house and its contents were awarded to the plaintiff, coupled with the fact that the plaintiff was required to pay only $100.00 attorney fee and $72.00 travel expense, is not excessive, and no doubt was awarded in lieu of a division of the house and contents.

Plaintiff testified that effective September 1, 1955, his take-home pay would be only $492.00. Counsel makes much of this point in his brief but we feel that the argument is without merit. The trial court properly determined these questions, and based its findings on the financial conditions, abilities and needs of the parties as they appeared at the time of the hearing rather than on what those conditions might have been in the past or may be in the future. *Brown v. Brown,* 131 Colo. 467, 283 P. (2d) 951, holds that in making an award the court should appraise conditions at the time of the award and further held that the court retains jurisdiction to make additional orders on proper showing of changed conditions. The court says on page 479:

" * * * We also have held that in a divorce action, particularly with respect to the care, custody and maintenance of minor children, the court, at the time of making an award for the minor children, is obligated to appraise conditions as they exist at the time of the presentation., *Gourley v. Gourley,* 101 Colo. 430, 73 P. (2d) 1375, it always has been recognized in this jurisdiction that if the financial ability of the husband and father improves, and the needs of the minor children increase, the jurisdiction of the court to make additional orders

for the care and maintenance of the minor children may be invoked at any time in a proper proceeding."

See, also, *Stevens v. Stevens*, 31 Colo. 188, 72 Pac. 1061; *Prewitt v. Prewitt*, 52 Colo. 522, 122 Pac. 766.

If the plaintiff does suffer a loss of earnings he may in a proper proceeding seek the relief which he now seeks in anticipation of an event which may never happen. By the same token if his earnings are enhanced, he may be subjected to heavier payments in the event of greater need of the plaintiff or the children.

The trial court awarded custody of the children to the mother for ten months of the year, the other two months to the father. In the light of this record it is difficult indeed to comprehend plaintiff's contentions that the court was guilty of an abuse of discretion in so dividing the custody. His present position is incompatible with the contract which he and his wife entered into March 27, 1954, wherein it is provided:

"It is understood that second party (Wanda L. Watson) shall have the care and custody of the two minor children of the marriage, Michael A. Watson and Vail Ann Watson. * * * First party (Billy H. Watson) shall have the right of reasonable visitation to see said children."

It is also incompatible with his sworn statement in the complaint herein wherein he alleges:

"That the said two minor children are now in the custody of defendant; and plaintiff consents that said children may remain in the custody of defendant until the further order of the court herein; and that while said children are in the custody of defendant this plaintiff shall have reasonable rights of visitation of said children."

From the order entered it is apparent that the court considered each of the parents worthy and suitable and we are in accord with the trial court's order.

Manifestly the parties to this unfortunate proceeding cannot now enjoy all of the blessings and fruits of a

successful marriage. They have created problems which are not readily soluble and for which they alone are responsible, and to seek now to shift the blame to the courts is not commendable.

One other matter remains for determination. On October 16, 1956, after writ of error had been issued herein, defendant filed her verified motion asking this Court for an order awarding to her printing costs and reasonable attorney fees for proceedings in this Court. Though served with a copy of this motion plaintiff made no response thereto, whereupon this Court on October 25, 1956, entered its order directing the plaintiff to pay to defendant printing costs of $100.00 and attorney fees of $250.00. On March 8, 1957, defendant filed with this Court her motion for citation for contempt wherein defendant stated generally that the plaintiff had failed to comply with the above order of this Court; however, it was specifically stated by defendant that plaintiff had turned over to her $500.00 and she pointed out that that money was apportioned to payment of delinquent child support payments and the balance to printing costs, thus leaving this Court without definite information as to whether the plaintiff was in compliance with or in violation of our order; in view of that situation the motion for citation for contempt was denied.

Having given further and careful consideration to the motion and order thereon awarding attorney fees and printing costs, we have now concluded that our order was improvident and that the petition should have been denied with instructions that all such matters be presented to the trial court notwithstanding the issuance of a writ of error or final disposition thereof. Clearly the trial court had jurisdiction to entertain and rule upon the matter that was presented to this Court. In *Ferkovich v. Ferkovich*, 130 Colo. 228, 274 P. (2d) 602, we said:

"The trial court had jurisdiction to entertain the petition for counsel fees and costs for review of the case in

the supreme court, and therefore it erred in denying the petition on the ground that it had no jurisdiction."

It is equally true that this Court has, in the exercise of its appellate jurisdiction, power to act on applications for attorney fees, costs, alimony, etc., in matters pending on error; however, under ordinary circumstances all of these matters should be presented to the trial court for the reason that the trial court has already had the case before it and is better equipped to determine questions of fact and to make a full and complete investigation and adjudication.

In view of the above, the order of this Court-entered on October 25, 1956, is hereby vacated, and on proper application of the defendant, to the trial court within 30 days of the date hereof, the trial court is directed to make such further orders with reference to attorney fees and costs for proceedings in this Court as the facts and circumstances may warrant.

The judgment of the trial court is affirmed.