**In re the MARRIAGE OF Mary J. SERFOSS, Appellee,**

**and**

**Bobbie L. Serfoss, Appellant.**

**No. 81CA0211.**

Colorado Court of Appeals, Div. II.

Dec. 17, 1981.

Rehearing Denied Jan. 21, 1982.

Certiorari Denied March 15, 1982.

Agee & Ewing, Ron E. Ewing, Colorado Springs, for appellee.

Barash, LeHouillier & Walsh, Arthur B. Walsh, Colorado Springs, for appellant.

VAN CISE, Judge.

In this dissolution of marriage action, husband, Bobby L. Serfoss, appeals a judg-

ment granting wife, Mary J. Serfoss, reimbursement retroactively for one-half of the expenses incurred and paid by wife for the support of the children during a five year period following the entry of a decree of dissolution in which husband had not been ordered to pay any child support. We reverse.

The marriage of the parties was dissolved in September 1975. In the decree, wife was awarded custody of the parties' three minor children. Husband, found by the court to be totally disabled, unemployed, and unemployable, was held to be "presently unable to make payments of maintenance or child support" except for the $268 a month in social security benefits payable for the children. His income consisted solely of social security (exclusive of that for the children) and insurance disability payments totalling $510 per month. Wife was found to be unemployed and, except on a limited part-time basis, unemployable because of the need for her to care for the 18-year-old hydrocephalic son of the parties. The only other income of the parties was derived from net rentals produced by the marital real properties managed by wife—a house and a nine-unit apartment complex.

The court determined that the income was too little and the management problems were too great to justify continued retention of these income properties. Accordingly, these properties were ordered to be sold, with the proceeds to be divided equally. The court reasoned that each party could reinvest his or her share in higher yield investments requiring less time and effort for management. The family home (subject to encumbrance) and the furniture and furnishings therein were awarded to wife. The balance of the personal property was divided approximately equally. Each was ordered to pay his or her own costs and attorney's fees.

Despite the court order, the income property was not sold. Instead, wife continued to manage the properties, the rents were increased, and wife and children lived on the net rental income, supplemented by the children's social security benefits and the earnings of two of the children. In 1979, husband filed a motion for an order to compel wife to comply with the sale order and for a judgment in his favor for one-half of the net income from the properties since the date of the original decree.

After an evidentiary hearing on the motion, the court in February 1980 entered judgment in favor of husband against wife in the amount of $15,020, one-half of the agreed amount of net income produced since the decree. Wife moved for rehearing or modification. In denying her motion, the court found (1) that wife had failed to prove husband had given her his share of the net rentals, and (2) that, as tenants in common, each was entitled to one-half of the proceeds. This order and judgment was not appealed.

Wife then moved for an order for retrospective and prospective child support and for management fees. She alleged that she had received nothing directly from husband for child support since the dissolution, and that, inasmuch as husband had been determined to be entitled to one-half of the net property rentals, she should receive a reasonable management fee from the gross proceeds. After a hearing, the court concluded that her claim for management fees could have and should have been raised as a set-off or counterclaim to husband's claim for division of the rental income, and that, not having raised the issue at that time, the claim was now barred as res judicata. The court then held that it had no authority to award retroactive child support.[1]

The court then stated that wife's claim "can more properly be considered as an equitable demand for reimbursement of expenses incurred and paid by [wife] for the support of the children over a period of years." On that basis, judgment was entered in favor of wife for $15,162.14, representing one-half of the net (after social security payments) cost to wife of supporting the children from the time of the decree in 1975 to the date of the February 1980 judgment.

1. The court did not act on the request for prospective child support.

On appeal, husband contends that the court did not have the authority in a dissolution of marriage action to award to the wife an "equitable reimbursement" of expenses incurred and paid by wife for the past support of the children. We agree.

Section 14–10–122(1), C.R.S. 1973, provides that "the provisions of any decree respecting ... support may be modified only as to installments accruing subsequent to the motion for modification...." *See In Re Marriage of Walsh*, Colo.App., 614 P.2d 913 (1980). Labeling it as "equitable reimbursement" does not validate a retroactive award prohibited by statute.

Relying on *Desch v. Desch*, 55 Colo. 79, 132 P. 60 (1913), wife argues that the modification provisions in § 14–10–122(1), C.R.S. 1973, apply only to support orders previously made, and do not apply when, as here, there was no order for support. We do not regard *Desch* as controlling here.

*Desch* was a separate action in which wife was allowed to recover from her divorced husband the amounts which she had expended, subsequent to the divorce decree, in caring for the child whose custody had been granted to her in the divorce case and where the decree contained no provision for the child's support. In 1937, over a vigorous two-judge dissent that *Desch* was being overruled, our Supreme Court in *Gourley v. Gourley*, 101 Colo. 430, 73 P.2d 1375 (1937), narrowed *Desch*, if it did not overrule it.

*Gourley* was a divorce action in which, as an additional claim, wife sought reimbursement from husband for money expended by her for support of their child for the eight years prior to the institution of the divorce action. In denying this claim, the court stated:

"The statute ... contemplates that when in a divorce case, as here, custody of a minor child is awarded to the wife, an order for its support may be made on the husband. In proceeding to such order the court looks only to the future. What the child may have theretofore enjoyed in the way of support, and from which parent, or whomsoever, is not, in the divorce suit, ... a subject of inquiry. In such suit, particularly in respect of the care, custody and maintenance of a minor child, the court is bound to appraise conditions as of the time of presentation. What either parent up to that time may have contributed to the child's nurture is not an issue challenging the court's attention."

Since *Gourley*, our Supreme Court has uniformly held that, in a divorce case, orders for support are to be based on conditions as they exist at the time of the hearing. *See, e.g., Garrow v. Garrow*, 152 Colo. 480, 382 P.2d 809 (1963); *Watson v. Watson*, 135 Colo. 296, 310 P.2d 554 (1957). Similarly, it has held that, in the modification of such orders, the court must base its findings and orders on the needs of the children and the circumstances of the parents at the time of the hearing rather than on what those conditions might have been in the past or may be in the future. *See, e.g., Engleman v. Engleman*, 145 Colo. 299, 358 P.2d 864 (1961); *Huber v. Huber*, 143 Colo. 255, 353 P.2d 379 (1960). The court has no power or authority to cancel past due payments under a valid support order. *Drazich v. Drazich*, 153 Colo. 218, 385 P.2d 259 (1963); *Engleman, supra.*

Under the current dissolution of marriage act, § 14–10–122(1), C.R.S. 1973, empowers a court to modify support payments back to the date of filing of the motion for modification, rather than only from the date of the hearing on the motion, but the court cannot cancel payments that were delinquent on the filing date. *In re Marriage of Walsh*, Colo.App., 614 P.2d 913 (1980). The rationale of *Gourley v. Gourley, supra*, and of the delinquent payment cases dictate our holding that, in a dissolution of marriage case, a husband cannot be required to reimburse his wife (or ex-wife) for amounts expended by her for child support prior to the entry of a child support order.

Since wife did not cross-appeal, we do not consider her contentions that the court erred in denying her motion for management fees.

The judgment for "equitable reimbursement" to the wife is reversed.

KELLY and TURSI, JJ., concur.