**In re the MARRIAGE OF Melbourne E. STONE, Appellant,**

**and**

**Ronda K. Stone, Appellee.**

**No. 87CA0351.**

Colorado Court of Appeals, Div. III.

Dec. 17, 1987.

Elliott and Neuswanger, P.C., Nancy A. Neuswanger, Fort Collins, for appellant.

No appearance for appellee.

BABCOCK, Judge.

Melbourne E. Stone (father) appeals the trial court order increasing his child support obligation. We affirm in part and reverse in part.

Father's marriage to Ronda K. Stone (mother) was dissolved in 1974. Mother received custody of the three children, then aged 8, 4, and 2, and father paid support of $60 per month per child. In 1980, support was increased to $66.66 per month per child.

In 1986, mother moved for increased support for the two unemancipated children, citing their increased needs and expenses. At that time mother's gross monthly income was $2215, and father's was $2344. The trial court applied the child support guidelines, § 14–10–115, C.R.S. (1987 Repl. Vol. 6B), and ordered father to pay a total of $494 per month.

■ Father first contends that the child support guidelines do not apply to his support obligation. We disagree.

The child support guidelines became effective November 1, 1986, and apply to child support obligations arising on or after that date. Colo.Sess. Laws 1986, ch. 120 at 729. Contrary to father's arguments, we are not persuaded that the General Assembly intended to create a separate standard for modification of child support orders entered before November 1986. Child support obligations, whenever first ordered, continue to arise until the child's emancipation. Moreover, any ambiguity in this regard was removed by the General Assembly during the 1987 General Session when it provided that:

"This section [containing the child support guidelines] shall apply to all child support obligations, established or modified, as part of any proceeding, including, but not limited to, articles 5, 6, and 10 of this title and articles 5 and 6 of title 19, C.R.S., whether filed on, prior to, or subsequent to July 10, 1987." Section 14–10–115(17), C.R.S. (1987 Repl.Vol. 6B).

Therefore, the trial court did not err in applying the guidelines to determine father's obligations after November 1, 1986.

Father next contends that the guidelines are inequitable as applied in this case. However, we perceive no inequity, and it appears that the trial court considered the relevant factors. *See* § 14–10–115, C.R.S. (1987 Repl.Vol. 6B).

Father also contends that the trial court erred in treating certain psychological counseling as an extraordinary medical expense. We agree.

Section 14–10–115(12), C.R.S. (1987 Repl. Vol. 6B) allows counseling expenses only for diagnosed mental disorders. Here, there was no evidence of any diagnosis, so those expenses should not have been included in the support calculation. Thus, the $494 support order was $27 higher than that authorized by the statute.

The order is reversed as to the counseling expenses, and the cause is remanded for entry of an order for $467 per month child support. The order is affirmed in all other respects.

VAN CISE and STERNBERG, JJ., concur.