In re the MARRIAGE OF Carolyn K. BARONI, n/k/a Carolyn McGuinn, Appellee,

and

Daniel H. Baroni, Appellant.

No. 88CA0880.

Colorado Court of Appeals, Div. II.

Sept. 21, 1989.

Law Office of Peter Cordova, Pete Cordova, Bill C. Berger, Salida, for appellee.

Robert D. Conover, Buena Vista, for appellant.

Opinion by Judge MARQUEZ.

Daniel H. Baroni (father) appeals the trial court order increasing his child support obligation. We affirm in part and reverse in part.

The parties' marriage was dissolved in 1975, and father was ordered to pay $80 per month support for the parties' two minor sons. In March 1988, Carolyn McGuinn (mother) moved to increase the support obligation to comport with the basic child support obligations codified in § 14-10-115, C.R.S. (1987 Repl.Vol. 6B). The trial court increased the support order to $450 per month.

I.

We find no merit to father's contention that the term "adjusted gross income" in § 14-10-115 should be interpreted to mean gross income less deductions for federal and state income taxes and FICA taxes.

Section 14-10-115(10)(a), C.R.S. (1987 Repl.Vol. 6B) contains language requiring the trial court to compute child support obligations based upon the parents' combined adjusted gross incomes. *See People in Interest of C.D.*, 767 P.2d 809 (Colo.App. 1988). Section 14-10-115(10)(a)(II), C.R.S. (1987 Repl.Vol. 6B) defines the term "adjusted gross income" as follows:

"*For the purposes of subsections (3) to (14) of this section,* 'adjusted gross income' means gross income less preexist-

ing child support obligations and less alimony or maintenance actually paid by a parent and the cost of health insurance coverage that includes the children." (emphasis added)

Section 14–10–115(7)(a)(I)(A), C.R.S. (1987 Repl.Vol. 6B) provides that:

" 'Gross income' includes income from any source and includes, but is not limited to, income from salaries, wages, commissions, bonuses...."

■ The statute does not provide for deduction of federal and state income taxes or FICA taxes in computing adjusted gross income and father does not cite any authority requiring such a deduction. Hence, we decline to impose such a requirement.

## II.

We also find no merit to father's contention that the trial court mechanically applied the support guideline without considering father's actual ability to pay increased support.

■ Section 14–10–115(3)(a), C.R.S. (1987 Repl.Vol. 6B) provides that the amount specified in the support guideline establishes a "rebuttable presumption" as to the proper support obligation in *any* action to establish or modify child support. *See In re Marriage of Pugliese*, 761 P.2d 277 (Colo.App.1988). The burden is therefore upon the parent contesting the support order to prove that a deviation from the presumptive award is both reasonable and necessary. *People in Interest of C.D., supra.*

■ The trial court here specifically determined that the previous support obligation of $40 per month per child was "unconscionable" in view of the father's current income. The evidence was uncontroverted that father earned more than $29,000 in the year preceding the hearing. The trial court accepted father's testimony that his income had recently declined by $500 per month, and the court computed the support obligation based on father's

own statement that his current gross monthly income is $1,965.

Although father speculated that his income might decline further in the future, the trial court correctly based the support obligation on father's present earnings. *See Watson v. Watson*, 135 Colo. 296, 310 P.2d 554 (1957). There is no merit to father's contention that the support guideline is inequitable as applied in this case. *See In re Marriage of Stone*, 749 P.2d 467 (Colo.App.1987).

We note, however, that the trial court made a computational error in determining the amount of support. The parents' combined adjusted gross income is $3,854, of which father's proportionate share is 51%. Fifty-one percent of the basic child support obligation is $418, rather than $450 as ordered by the court.

The order is affirmed except as to the precise amount of child support awarded. That portion of the order is reversed and the cause is remanded for further proceedings in accordance with this opinion.

STERNBERG and VAN CISE *, JJ., concur.