533 P.2d 947 (1975)
In re the MARRIAGE OF Betty Ellen HARDING, Petitioner-Appellee, and
Donald Thomas Harding, Jr., Respondent-Appellant.
No. 74-363.
Colorado Court of Appeals, Div. II.
March 25, 1975.
*948 Murphy, Morris & Susemihl, David H. Morris, Colorado Springs, for petitioner-appellee.
Isaac, Walsh & Johnson, Edward S. Johnson, Colorado Springs, for respondent-appellant.
Not Selected for Official Publication.
STERNBERG, Judge.
This is an appeal by the husband from orders entered in a dissolution of marriage proceeding. He contends that the court abused its discretion in its order disposing of property and in its award of maintenance. We affirm as to the property division, but reverse as to maintenance and remand with directions.
At the time of these proceedings the parties had been married for 32 years, and had one child, a 16-year-old girl. The wife was not employed outside of the home, but had worked in the earlier years of the marriage, and her earnings assisted the parties in acquiring the considerable assets which they own. The husband is president and general manager of a corporation that operates a radio station. His earnings after taxes were $1,339 per month, but in addition, he was owed $15,000 by the station for loans made to it which were being repaid in somewhat sporadic monthly payments.
Based upon competent evidence, the court found the value of the assets of the parties to be $668,640, all of which were acquired during the marriage and therefore were properly considered marital property subject to disposition by the court under § 14-10-113, C.R.S.1973 (1971 Perm.Supp., C.R.S.1963, 46-1-13). The *949 court determined to divide the property of the parties "as evenly as possible," and awarded assets valued at $51,000, consisting of the home, furniture, stocks and bonds, and an automobile to the wife, while property valued at $19,800 was awarded to the husband.
This left for disposition the principal asset of the parties consisting of 90% of the corporate stock in the radio station. The parties stipulated that the value of this stock was $607,500. The court directed that the husband remain in control of the station unless it be sold. To accomplish the equal division of assets, the court gave the husband the option of: a) Selling the interest in the radio station at a commercially reasonable price with any sale to be first approved by the wife, and the proceeds, after deducting commissions and costs, to be divided equally between the parties, subtracting, however, $31,700 from the wife's share because of the larger amount of other properties she was awarded; or b) retaining all ownership rights in the stock and paying the wife $272,050 in the following manner: $20,000 in cash and delivering a promissory note in the amount of $252,050, secured by 45% of the stock in the radio station and bearing interest at 8% per annum, payable in equal monthly installments over 20 years.
The court ordered the husband to pay $200 per month as child support, and required him to pay the daughter's college expenses. The wife was awarded $300 per month maintenance until she remarries or until further order of court.
The husband urges that the court abused its discretion in its treatment of the radio station stock, arguing that the second option given him, that of payment to the wife of $20,000 with the balance to be paid in monthly installments over 20 years, is beyond his financial capabilities. He asserts that since the second alternative is not a viable one, he will be forced to sell the radio station pursuant to the terms of the first option, and that that too would constitute an abuse of discretion since a forced sale would be detrimental to the interest of both parties. He also urges that ordering payment of interest in the second alternative constitutes an abuse of discretion. We disagree with all of these contentions.
The trial court's disposition of property in this case is within the broad spectrum of discretion with which it is imbued in such matters. See Nunemacher v. Nunemacher, 132 Colo. 300, 287 P.2d 662. The husband contends that the court should have awarded him sole ownership of the station and awarded more substantial maintenance to the wife. Although this solution might have been within the bounds of discretion of the court, we find no error in the court's order in this regard considering among other factors present in this case the fact that the wife's financial contributions in the early years of the marriage aided in the eventual acquisition of this radio station. This situation is not dissimilar to that of the dissolution of a business partnership, where because two partners disagree, one who desires to continue the business may have to borrow money to buy out the other's share, or the disagreement may require sale of the entire business to third parties. See In re Questions Submitted by the United States District Court, Colo., 517 P. 2d 1331.
The husband also contends that the court erred in finding that his "ability to earn is much higher than that indicated by his salary and tax returns due to fringe benefits and tax advantages available to him through the corporation." This contention is not well taken. A 1973 profit and loss statement of the radio station shows $41,000 in retained earnings of the corporation, plus over $9,000 accrued earnings owed to the husband. In addition, testimony of the parties indicated that corporate funds were consistently used for their travel, entertainment expenses, and other pleasures. Despite all this, the corporation showed a net profit in 1973 of nearly $20,000.
On the facts of this case, counsel's citation of Phillips v. Phillips, 171 Colo. 127, 464 P.2d 876, is inapposite. In Phillips, *950 there was an estate of about $800,000 of which the wife was awarded $400,000, payable $100,000 within a month and the balance of $300,000 in quarterly installments of $12,500, plus a penalty provision. There the Supreme Court concluded that the corporation and partnerships in which the husband was involved had inadequate working capital and that his business interests could not be immediately liquidated without severely impairing his position to the extent that bankruptcy would be likely. In the instant case, the corporation was quite solvent, and the payments required were considerably less and spread over a significantly longer period of time than in Phillips.
The husband objects to paying interest on the note he is to execute to the wife should he select the second option given him by the court. In Phillips v. Phillips, supra, while deciding that, under the facts of that case, an award of interest was an abuse of discretion, nevertheless, the court noted the following rule stated in Ovens v. Ovens, 61 Wash.2d 6, 376 P.2d 839:
" `[I]t is an abuse of discretion, in the absence of a sound reason, to fail to provide for interest upon deferred payments allowed in an equitable division of property. In the instant case ... there is no apparent reason why the respondent should have the use of appellant's award without interest.' "
This language is particularly appropriate here. If the husband elects to follow the first alternative given him by the court and sells the station, the wife would receive a sum of money in the area of $250,000, which would be available to her for investment purposes. If the husband chooses the second option and pays her in installments, she should not be denied interest on her money as a substitute for the investment opportunities that would have been available if she had the lump sum.
The final contention of the husband is that the court abused its discretion in its award of $300 per month maintenance to the wife. We agree in part. While the wife will need maintenance in at least the amount awarded until the disposition of the radio station has taken place, it is apparent that she would not qualify for maintenance after such disposition has been initiated under either alternative. Upon receiving her share of the sales price, or upon beginning to receive monthly payments of principal and interest, she will have sufficient assets of her own to take care of her living expenses. Section 14-10-114, C.R.S.1973 (1971 Perm.Supp., C.R.S.1963, 46-1-14) directs the court in awarding maintenance to consider marital property apportioned to the party seeking maintenance. Thus, ordering maintenance to continue after the property division has been implemented constitutes an abuse of discretion under these circumstances.
The judgment is affirmed as to disposition of property, reversed as to maintenance, and remanded for further proceedings not inconsistent with this opinion.
ENOCH and PIERCE, JJ., concur.