### No. 26868

**Dennis R. Hill v. The District Court of the Seventeenth Judicial District and Jean J. Jacobucci, one of the Judges thereof**

(540 P.2d 1079)

Decided September 22, 1975.

Richard M. Borchers, Stitt, Wittenbrink and Roan, P.C., for petitioner.

Jean J. Jacobucci, respondent pro se.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an original proceeding in which the petitioner, Dennis Hill, complains that the respondent district court has exceeded its jurisdiction in holding petitioner in contempt. On June 5, 1975 this court issued a stay of all proceedings and a rule to show cause why contempt proceedings against the petitioner should not be dismissed. We now make the rule absolute.

In September, 1974, petitioner filed in the respondent district court an action for dissolution of marriage from his wife, Alice Hill. On September 24, 1974, a hearing on temporary orders was held before the court referee. Temporary orders were prepared following the hearing and signed by petitioner, his wife, the referee and the respondent judge on October 9, 1974. The orders required petitioner to pay $200 per month into the registry of the court for support of his minor children. This money was in turn to be paid to Adams County Social Services Department until such time as petitioner's wife ceased to collect Aid to Dependent Children.

In late October, 1974, petitioner and his wife became reconciled and began living again as husband and wife. Petitioner and his wife filed a motion to dismiss the action without prejudice on January 16, 1975, and an order was granted on that date by the respondent judge which reads as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the above-styled and numbered action should be and is hereby dismissed without prejudice, it being determined that the parties have reconciled."

On April 12, 1975, an employee of the Adams County Department of Social Services, filed an affidavit in respondent court alleging a failure to pay $1200, representing support money for a 6-months' period, to the court registry. The respondent judge signed the citation and directed petitioner to show cause why he should not be held in contempt. Following a hearing on May 5, 1975, in which petitioner appeared without counsel, he was found to be in contempt of court, and ordered to pay $1200 in arrearages, and to pay $200 per month in support. He was also sentenced to thirty days in jail, which sentence was held in abeyance pending the payment of arrearages by May 12, 1975.

On May 8, 1975, petitioner filed a new dissolution of marriage action. On May 12, 1975 petitioner, who had by this time retained counsel, filed a motion to dismiss the contempt citation. After hearing, the respondent court denied the motion to dismiss the citation, holding that the former dissolution action was re-instated.[1] It ordered refund of the docket fee paid with the second filing. As a result, the petitioner remained in contempt under the first action.

Petitioner argues that respondents had no jurisdiction to proceed against petitioner for contempt after the case had been dismissed. We agree.

When the order dismissing the first dissolution action was signed on January 16, 1975, the court was divested of any further jurisdiction in that action. *Wood v. Parkerson*, 163 Colo. 271, 430 P.2d 467 (1967), and *Payne v. Payne*, 121 Colo. 212, 214 P.2d 495 (1950).

---

[1]Apparently the court first held that the action was re-instated by the contempt proceedings, and later that re-instatement of the first action resulted from the filing of the second action.

■ Furthermore, the applicable provision of the Uniform Dissolution of Marriage Act (§ 14-10-101 through 14-10-133, C.R.S. '973) states:

"A temporary order . . . [t]erminates . . . when the petition for dissolution or legal separation is voluntarily dismissed." Section 14-10-108(5)(c), C.R.S. 1973.

The answer filed by respondents *pro se* stresses that they acted in good faith in attempting to secure support for the petitioner's minor children. This undoubtedly was laudable but, forsooth, not legal.

By this opinion we do not hold that the Adams County Department of Social Services may not take appropriate steps to collect the unpaid arrearages from the petitioner.

The rule is made absolute.