## In re the MARRIAGE OF James M. ENGELMAN, III, Appellee, and Judith Engelman, Appellant.

### No. 79CA0466.

Colorado Court of Appeals,
Div. II.

Dec. 28, 1979.

No appearance for appellee.

Fogel, Keating & Wagner, P. C., James M. Robinson, Denver, for appellant.

PIERCE, Judge.

The appellant-wife alleges error in the distribution of certain real property subsequent to a divorce decree entered in another state. We affirm the trial court.

The parties to this action were husband and wife. In 1971, during the term of their marriage, a marital home was purchased. Thereafter, the parties separated, and the wife moved to Kansas. After establishing residency, she filed for and was granted a dissolution of marriage on July 9, 1975, by a Kansas court which stated in its decree that it had no jurisdiction to decide any issues concerning real property located in Colorado.

Thereafter, the husband filed a motion for distribution of the marital property in Larimer County, Colorado, and after a proper hearing, the trial court decreed that the only Colorado property which remained in question in this action, the family home, should be valued as of the date of the Kansas decree and that the wife was entitled to a one-half share, as of that date. The court treated that real estate as marital property, but ordered that all equity which had accumulated from the date of the dissolution decree until the date of the property hearing be awarded to the husband.

The court found that since the date of the separation, the husband had paid all of the mortgage payments and other debts accrued against the property and had resided in it until March 1977, when it was placed in the rental market and treated as a loss for tax purposes. It also found that since the date of the separation, the wife had made no contributions toward the home and had received no income from it; however, the husband had added a two-car garage to the home since that date.

The substance of the wife's allegations of error on appeal is that the Kansas decree changed the status of this real estate from being property held in joint tenancy to that of tenancy in common, and that the wife's rights to the undivided one-half of the property for all purposes was fixed as of that date, and therefore, the Colorado court, under the common law, could not change the status of the property and make any other type of division.

We need not discuss the common law ramifications or their effect on the distribution of this property because this determination, as found by the trial court, is controlled by statute.

491

Section 14–10–113(1), C.R.S.1973 (1978 Cum.Supp.), states in pertinent part as follows:

"In a proceeding for dissolution of marriage . . . or in a proceeding for disposition of property following the previous dissolution of marriage by a court which at the time of the prior dissolution of the marriage lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall set apart to each spouse his property and shall divide the marital property . . . in such proportions as the court deems just after considering all relevant factors including . . . .."

The statute then sets forth the various factors to be considered by the trial court in determining distribution, and in § 14–10–113(5), C.R.S.1973, states:

"For purposes of this section only, property shall be valued as of the date of the decree or as of the date of the hearing on disposition of property if such hearing precedes the date of the decree."

The application of this statute to the facts before us shows that the trial court had jurisdiction to distribute this property and that it chose the proper date, the date of the Kansas decree, for evaluation. Our reading of the record indicates that the trial court took into account all of the factors necessary to make this determination and was neither arbitrary nor capricious in making its division of the equities in this real property.

· Judgment affirmed.

RULAND, J., concurs.

BERMAN, J., specially concurs.

BERMAN, Judge, specially concurs.

I concur in the judgment, not because I believe that § 14–10–113, C.R.S.1973 (1978 Cum.Supp.) necessarily is controlling, but because even under appellant's theory of the case, the result reached by the trial court is correct.