Margaret Fuerst **GASKIE**, personal representative of **John Joseph Gaskie**, deceased, Plaintiff-Appellee,

v.

Eleanor **HUGINS**, Defendant-Appellant.

No. 79CA1022.

Colorado Court of Appeals,
Div. I.

Aug. 20, 1981.

As Modified On Denial of Rehearing
Sept. 17, 1981.

Certiorari Denied Feb. 1, 1982.

Law, Scheid & Farabee, P. C., Holly E. Rebstock, Denver, for plaintiff-appellee.

Bragg & Dubofsky, P. C., John T. Baker, Denver, for defendant-appellant.

STERNBERG, Judge.

Eleanor Hugins (wife) appeals the order of the trial court distributing assets acquired during her 20-year marriage which had been terminated by a divorce. Appellee herein is the deceased husband's personal representative. The order is affirmed.

This appeal arises from an order issued in 1979 distributing the marital property of a husband and wife divorced in 1969. At the time of the divorce, the parties entered into certain stipulations regarding the values of real property they owned. The original final orders were entered in 1973, and the trial court's award was appealed. In *Gaskie v. Gaskie*, 188 Colo. 239, 534 P.2d 629 (1975), the Supreme Court reversed and remanded the cause, directing, among other things, fair and equitable distribution of the marital assets involved here.

When, after additional hearings, final orders were entered in 1979, instead of valuing the real property according to the earlier stipulations, the trial court ordered the property sold and the proceeds of the sale, less costs, divided equally between the parties. The trial court indicated that, in view of the appreciation of the real estate over the previous 10 years, such distribution was necessary to achieve a fair and equitable distribution of the marital assets. Subsequent to the filing of this appeal, the husband died.

I.

The wife contends that this appeal is moot. She asserts that, at the time of the husband's death, the real property was held in joint tenancy, and, as the surviving tenant, she is sole owner of the real estate by operation of law. We do not agree.

In ascertaining whether a joint tenancy has been destroyed by a property settlement agreement, resulting in tenancy in common, it is necessary to determine whether it was intended that there be a right of survivorship. *Bradley v. Mann*, 34 Colo.App. 135, 525 P.2d 492 (1974), *aff'd, sub nom., Mann v. Bradley*, 188 Colo. 392, 535 P.2d 213 (1975). However, where, as here, there is no separation agreement which can be read as an expression of the intent of the parties regarding the survivorship characteristic, the intent of the trial court in its order distributing the marital assets is determinative. *McBee v. Crosby*, Colo.App., 632 P.2d 1059 (1981).

In its final order, the trial court "awarded an undivided ½ interest in said property, not only the real estate, but all other marital assets including the bank accounts." It also ordered the sale of the real estate, unless the parties could arrange for the wife to purchase the husband's share.

The language used indicates the trial court's intent to sever the joint tenancy. An order for the sale of marital property and distribution of the proceeds evidences an intent that the property is no longer to

be held in joint tenancy. *See Mann v. Bradley, supra.*

## II.

 The final disposition here reflects no abuse of discretion on the part of the trial court. The controlling statute, C.R.S. 1963, 46–1–5(2), gives the trial court broad discretion in matters of property division, including determination of the property valuation date for division of marital property. *Phillips v. Phillips,* 171 Colo. 127, 464 P.2d 876 (1970). The date of the final distribution was a reasonable date on which to fix the values, and therefore, the distribution will not be set aside. Moreover, when the trial court determined that fairness and equity required that the division be an equal one, the stipulated values set 10 years before were neither binding nor relevant.

The other contentions of error are without merit.

The judgment is affirmed.

COYTE and KIRSHBAUM, JJ., concur.