In re the MARRIAGE OF Joan Marie
HINER, Appellee,

and

Arthur B. Hiner, III, Appellant.

No. 81CA0816.

Colorado Court of Appeals,
Div. I.

June 9, 1983.

Rehearing Denied July 7, 1983.

John D. Comer, Englewood, for appellee.

Lawrence Litvak, P.C., Lawrence Litvak, Irvin M. Kent, Denver, for appellant.

BERMAN, Judge.

Husband appeals the trial court's recent modification of a permanent property division order entered upon the parties' dissolution of their marriage in 1975. We affirm in part and reverse in part.

In 1975, the parties entered into a stipulated agreement with regard to maintenance, support, and property division. This agreement, which was adopted and made part of the decree of dissolution, contained the following provisions:

"FULL DISCLOSURE: The above and foregoing Agreement and Stipulation of the parties is made upon the assumption that each of the parties hereto has made a full, complete and total disclosure to the other of the nature and extent of all the assets and obligations of the parties. As to any asset of the parties to which no such full disclosure has been made by either of the parties, then this agreement shall become null and void and the Court shall, upon such subsequent discovery of assets of either party, retain full jurisdiction to approximately divide such additional assets appropriately. Specifically, this Agreement shall have no binding effect whatsoever upon any property not disclosed by either party hereto one to the other and described herein."

In 1979, it was discovered that the husband had concealed several assets from the wife, and the property division was reopened. The trial court determined that the husband had concealed approximately $150,000 in stocks, real estate, and savings accounts.

Because the husband had lost his job and was in some financial difficulty, the trial court ordered that, as partial payment, the wife be awarded the husband's one-half interest in the family home. The home was assigned its 1975 value. The wife was also awarded $14,500 in attorney's fees and $400 in costs.

### I.

The husband's first contention on appeal is that the trial court lacked jurisdiction to modify the decree to award the family home to the wife and that the 1975 order is *res judicata* as to this issue. We disagree.

■ The husband argues that a property division order may not be modified unless the trial court "finds the existence of conditions that justify the reopening of a judgment," § 14–10–122, C.R.S.1973, that in light of *In re Marriage of Lowery,* 39 Colo. App. 413, 568 P.2d 103 (1977), *aff'd,* 195 Colo. 86, 575 P.2d 430 (1978), this would require a finding of fraud or overreaching; and that no such finding was made here. Such a case would be governed by C.R.C.P. 60(b) and would have been barred by the six-month limitation contained in that rule.[1]

■ Here, however, the parties specifically agreed that the trial court would retain jurisdiction to reopen the proceedings if any undisclosed assets were subsequently discovered. Although this is a rather unusual provision to include in a property settlement agreement or dissolution decree, we perceive no reason why such an agreement should not be binding. Such a provision assures fair dealing between the parties, and enhances the truth-finding function of the trial court and, as such, should not be disturbed. The agreement was ex-

---

1. This rule does not, of course, prevent an independent equitable action for relief from a prior judgment. *Dudley v. Keller,* 33 Colo.App. 320, 521 P.2d 175 (1974).

pressly adopted as the order of the trial court, and neither of the parties may now complain when such retained jurisdiction is exercised.

The husband argues that the proceeding could only be reopened to distribute the wife's share of the undisclosed assets and that, since the family home was contained in the original decree, the trial court erred in ordering the husband to use his one-half share to pay off a portion of his debt to the wife. Under the circumstances of this case, we do not accept this argument.

First, the husband and wife both originally suggested this solution to the trial court because the husband did not have sufficient funds to pay the wife her share of the undisclosed assets. It was only after reflection, and not until shortly before judgment was entered, that the husband objected.

Moreover, here, the trial court was simultaneously considering a modification of maintenance as a result of the husband's changed financial circumstances. He had long ceased to pay his share of the mortgage, taxes, and upkeep on the home, and the remainder of the maintenance payments was also in arrears. In order to insure that the wife would receive even a portion of what was owed by her husband, it was necessary to view the modification of the agreement as a whole—both maintenance and property division together. When looked at as an integrated whole, it was proper for the trial court to redistribute the husband's interest in the home.

## II.

■ The husband next maintains that the trial court erred in valuing the home as of 1975, the year of the original decree. Husband argues that the home should have been valued as of 1981, the year of the modification.

Here, the proceeding would not have been reopened save for the husband's concealment of assets. Under these circumstances, we adopt the reasoning of the trial court, as stated in its order dated June 10, 1981:

"The Court finds that insofar as possible, [a] valuation date of 1975 should be used for items of marital property inasmuch as that was the date of the Stipulation for Permanent Orders which both parties had reason to believe should have concluded this matter [as of] the date of the Decree of Dissolution."

## III.

Defendant also contends that the trial court erroneously ordered a double payment to wife of husband's share of stock in the Capitol Insurance Agency. We agree.

■ The trial court specifically found with regard to the Capitol stock that husband "admits that he owes petitioner [wife] the sum of $3,966.71 for distribution and interest in regard to this asset . . . ." However, we have read the record and find no evidence of such an admission on the part of the husband. To the contrary, the husband admitted into evidence the check, endorsed by his wife, which establishes that this amount was already paid. Thus, we hold that the trial court was in error, and the judgment should be reduced in the amount of $3,966.71.

## IV.

The husband also contends that the trial court had insufficient evidence before it to support the award of attorney's fees to wife. We disagree.

■ The wife presented an expert whose law practice consisted of over 60% domestic relations cases. This expert testified, in part, as follows:

"I . . . review[ed] his [wife's attorney's] file, the pleadings, noted the number of hearings involved, three sets of interrogatories. I went through the interrogatories to see if they were the kind that are just useless generation of paperwork, and they appeared to me to be the kinds of things that really involve trying to get to a number of issues. I went through a transcript to see just what was involved in that hearing to try to get a feel for the kind of responsibility that might be in-

volved and the complexity of the issues, found that it appeared to me that there was probably more investigation involved than there was legal research but all of which had to be done."

Based on the above examination of this case, wife's expert opined that both the attorney's fees and costs were reasonable. The husband presented no evidence to the contrary. His expert testified that she was unable to determine the reasonableness of the fees and costs based on the records provided to her. Under these circumstances, the trial court properly awarded attorney's fees based on the evidence presented by wife's expert.

Husband's remaining contention of error is without merit.

The order is reversed as to the payment for the insurance agency stock and is affirmed in all other respects, and the cause is remanded to the trial court for entry of an order consistent with this opinion.

STERNBERG and COYTE,* JJ., concur.

---

\* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).