In re the MARRIAGE OF Sarah Susan PRICE, Appellee,

and

Richard Alfred Price, Appellant.

No. 82CA0220.

Colorado Court of Appeals,
Div. II.

Nov. 17, 1983.

Rehearing Denied Dec. 15, 1983.

Certiorari Granted May 7, 1984.

Morris, Susemihl, Lohman & Kent, Richard V. Lohman, Colorado Springs, for appellee.

Kirkman, Henley & Pelican, Thomas C. Henley, Colorado Springs, for appellant.

KELLY, Judge.

There are two issues arising out of final orders entered by the trial court in this dissolution of marriage proceeding between Richard and Sarah Price. The husband contends that the trial court erred in ordering him to pay arrearages of temporary child support for a period commencing after entry of permanent custody orders and that it further erred in its selection of the date for valuation of marital property. We agree with both contentions and, therefore, reverse.

In July 1978, the wife petitioned for dissolution of her eleven-year marriage to the husband. Temporary custody of the two children, child support, and maintenance were awarded to the wife. Pursuant to the temporary support order, the husband made support payments while the children lived with the wife. In August 1979, however, physical custody of the children was transferred to the husband by court order in order to permit further custody evaluation. In October 1979, the husband requested that child support be abated.

The trial court denied husband's motion to abate, but reduced the child support payments while the children were in his custody "to continue indefinitely until we do get around to the question of permanent custody." In the register of actions, the court's minute order recites that payment of the reduced amount was to "commence October, 1979 and to continue until the final hearing on custody and further order of the court at that time." The decree of dissolution was entered on December 12, 1979, without further hearing, and recites

that custody "shall be determined at a later date."

On September 5, 1980, the parties stipulated to permanent joint custody whereby the children would spend six months a year with each parent. This agreement provided for payment of the medical and clothing expenses of the children but was silent as to any monthly payments of child support. A permanent custody order approving that stipulation was entered by the court on the same date. This custody order was also silent as to payment of child support. After the entry of the order, husband ceased all child support payments.

After numerous hearings over an extended period of time, final orders were entered on December 7, 1981, in which the issues as to division of property and arrearages of maintenance and child support were resolved. Based on the amount awarded in the temporary orders, the husband was ordered to pay child support arrearages for the period commencing with the entry of the permanent custody order on September 5, 1980. He was also ordered to pay child support in the future during those months in which the children were in the custody of the wife.

Relying on § 14–10–108(5), C.R.S.1973, the husband argues that the temporary child support orders terminated on December 12, 1979, when the final decree of dissolution was entered. We agree.

Section 14–10–108(5), C.R.S.1973, provides:

"A temporary order or temporary injunction:

. . . .

(c) Terminates when the final decree is entered, unless continued by the court for good cause to a date certain, or when the petition for dissolution or legal separation is voluntarily dismissed."

Since the permanent custody order made no provision for the payment of child support, we need not consider whether the continuances in the previous orders of the court were "for good cause to a date certain," as contemplated by the statutory language.

If, as husband contends, temporary orders merge with the final decree of dissolution upon entry of the latter, then the husband here has not been subject to any child support order since December 1979. (We note, however, that the husband does not seek recovery of any sums he may have paid for child support for the period between December 12, 1979, and September 5, 1980.) To obviate this application of § 14–10–108(5), the term "final decree" would have to be interpreted as having some meaning other than "final decree of dissolution."

"In determining the intent of the legislature in the enactment of a statute, it is presumed that a just and reasonable result is intended, . . . and, in making that determination, we may consider, among other things, the consequences of a particular construction." *Conrad v. Thornton,* 36 Colo.App. 22, 536 P.2d 855 (1975), *rev'd on other grounds,* 191 Colo. 444, 553 P.2d 822 (1976). The General Assembly has instructed us in § 2–4–101, C.R.S.1973, that "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

■ To construe the words "final decree" to mean any order entered in a dissolution action which finally disposes of a given issue would be to distort the statutory language and to inject uncertainty into the law. Orders entered in dissolution proceedings, other than the final decree of dissolution, have never been known as "decrees." Rather, such orders are "final orders" or "permanent orders," and they are so called. Words of art should be interpreted according to their familiar and generally accepted language. *Humana v. Board of Adjustment,* 189 Colo. 79, 537 P.2d 741 (1975). We therefore conclude that "the final decree" referred to in § 14–10–108(5) is the final decree of dissolution. *Cf. Hill v. District Court,* 189 Colo. 356, 540 P.2d 1079 (1975).

■ It follows that the temporary support order here terminated with the entry of the decree of dissolution in December 1979. Thus, the trial court erred in assessing child support arrearages against the husband based on the temporary award.

■ In *In re Marriage of Serfoss*, 642 P.2d 44 (Colo.App.1981) in which this court considered a related question, we held that a retroactive award of child support is prohibited by § 14–10–122(1), C.R.S.1973, which provides that "the provisions of any decree respecting ... support may be modified only as to installments accruing subsequent to the motion for modification...." We said:

> "[O]ur Supreme Court has uniformly held that, in a divorce case, orders for support are to be based on conditions as they exist at the time of the hearing.... Similarly, it has held that, in the modification of such orders, the court must base its findings and orders on the needs of the children and the circumstances of the parents at the time of the hearing rather than on what those conditions might have been in the past or may be in the future."

The same reasoning applies here. Under § 14–10–108(5), the trial court was without power or authority to award child support on the rationale that temporary orders for support continued in effect after the entry of a decree of dissolution.

■ Further, a year and a half had elapsed between the date of the temporary orders and the entry of the decree of dissolution, and nearly two years went by after the entry of the final decree before permanent orders were entered dividing the parties' property and assessing child support arrearages. These time lapses demonstrate the purpose behind the requirement that child support orders be based on the needs of the children and circumstances of the parents at the time they are entered rather than on conditions in the past or in the future. *See In re Marriage of Serfoss, supra.* Accordingly, the need for child support must be established at an evidentiary hearing held for that purpose.

■ The wife argues that, in the absence of explicit provision for child support in the permanent custody order, the burden to provide child support rests with the husband. We disagree. The duty to provide support rests with both parents, § 14–10–115, C.R.S.1973, and it is here uncontroverted that both parents were capable of making a financial contribution for that purpose. *See In re Marriage of Serfoss, supra.* We are not here confronted with the question whether amounts expended by the wife for child support may be recoverable against the husband in a separate action. *See Scheer v. District Court,* 147 Colo. 265, 363 P.2d 1059 (1961); *Desch v. Desch,* 55 Colo. 79, 132 P. 60 (1913).

The husband also contends that the trial court erred in valuing a residential lot owned by the parties as of the date of the hearing on temporary orders, at which time the parties stipulated that its value was $16,000, rather than the date the decree of dissolution was entered, at which time its value had increased substantially. We agree.

■ When, as here, the hearing on disposition of property is not held until after the decree of dissolution, the property must be valued as of the date of the decree. Section 14–10–113(5), C.R.S.1973. *See In re Marriage of Hiner,* 669 P.2d 135 (Colo. App.1983); *In re Marriage of Engelman,* 43 Colo.App. 531, 605 P.2d 490 (1979).

■ At the hearing, the husband testified that at the time of the dissolution decree similar lots in the area were selling for approximately $44,000. The trial court acknowledged the probability that the value of the residential lot, as well as several other items of marital property, had increased following the stipulation. And since the trial court noted on several occasions that an equal division of property was proper and would be sought, the discrepancy in the value of the residential lot may have had an effect on the disposition of other items of property.

The wife contends that, while the value of the residential lot may have increased, the value of the husband's pension and profit-sharing plans, which were awarded to the husband, increased equally over the same period of time. Even if we assume the truth of this supposition, the stipulated values agreed to at the outset of this dissolution action are irrelevant to the final disposition of the property, and it is incumbent upon the trial court to make findings as to the values of the properties in question as of the date of the decree. *Gaskie v. Hugins,* 640 P.2d 248 (Colo.App. 1981).

The judgment is reversed as to child support arrearages and property division and the cause is remanded with instructions to conduct further proceedings to assess the values of the residential lot and the pension and profit-sharing plans as of the date of the decree of dissolution, and to make such modifications in the division of property as may be appropriate.

SMITH and VAN CISE, JJ., concur.