**In re the MARRIAGE OF Meredith Lee STEELE, Appellant,**

**and**

**Charles Elmer Steele, Appellee.**

**No. 84CA0752.**

Colorado Court of Appeals,
Div. I.

Oct. 3, 1985.

Rehearing Denied Nov. 21, 1985.

Certiorari Denied Feb. 24, 1986.

Bonham & Peake, Kathy P. Bonham, Denver, for appellant.

No appearance for appellee.

BABCOCK, Judge.

Meredith Lee Steele (mother) appeals from an order of the trial court granting the motion of Charles Elmer Steele (father) to decrease child support. We affirm.

The parties' marriage was dissolved in March 1980. At the final orders hearing

the parties entered into a stipulation which provided that the mother would be the custodial parent of the two minor children and that the father would pay $400 per month per child as child support. The provisions of this stipulation were approved and entered as an order by the trial court.

In January 1984, the father filed a motion for reduction of child support. Following a hearing, the trial court made detailed findings concerning the criteria set forth in § 14–10–115(1), C.R.S., and concluded that the father had shown changed circumstances so substantial and continuing as to make the existing order for support unconscionable. Based upon its findings and conclusion, the trial court reduced the father's child support obligation to $275 per month per child.

On appeal, the mother contends that the only changed circumstance was that her income had increased and that this change, in and of itself, was insufficient to support the trial court's conclusion that the existing child support order was unconscionable. We disagree with this contention because the record demonstrates that the trial court made findings and based its conclusion on all of the relevant criteria specified in § 14–10–115, C.R.S. We also disagree with the mother's related contention that it is contrary to public policy to reduce child support under the circumstances of this case.

When the decree was entered the mother was a student and was not employed. At the time of the hearing on the father's motion to reduce child support she was working as a computer programmer and earning more than $25,000 per year. Although her income had increased, her monthly expenses were approximately the same as when the decree was entered. Likewise, the needs and resources of the children had not changed, nor had the father's financial condition. On appeal, mother has not attacked these findings of the trial court as lacking support in the record.

The totality of the circumstances shown by the record supports the trial court's conclusion that the original support order had become unconscionable. Both parents owe a duty of support to their children. Section 14–10–115, C.R.S.; *In re Marriage of Price*, 680 P.2d 1298 (Colo. App.1983). Where, as here, a custodial parent becomes capable of making substantial financial contributions toward the children's support, and no other circumstance has changed, it is neither an abuse of discretion nor contrary to public policy for the trial court to find that the original support order has become unconscionable. *Cf. In re Marriage of DaFoe*, 677 P.2d 426 (Colo. App.1983).

The contempt citation issued on the mother's motion was heard at the same time as the motion to reduce child support. She asserts that the trial court erred in not awarding her attorney fees in that proceeding. Because this issue was not raised in her motion for new trial, as required by C.R.C.P. 59 then in effect, and the record does not include her contempt motion, we do not address this contention. *See Laessig v. May D & F*, 157 Colo. 260, 402 P.2d 183 (1965).

The order is affirmed.

PIERCE and KELLY, JJ., concur.